# Richmond.

## FRANK SMITH AND JOHN MILLER v. COMMONWEALTH.

January 20, 1927.

1. INTOXICATING LIQUOR—*Ownership and Possession of a Still—Evidence Insufficient to Sustain Conviction.*—In the instant case accused were convicted under an indictment charging that they "did unlawfully own and have in possession a still, still cap, worm," etc. A State prohibition inspector located a still and while watching it a colored man approached the still and took up the cap and was in the act of leaving when he was apprehended. The colored man testified that he had been sent for the still cap by three men, the accused and one L., and identified the accused as the two men who with L. had sent him for the still cap. One of the accused testified that he was a steam fitter and that L. had approached him in Richmond saying that he had a boiler in the country which had broken down and accused undertook the job of fixing the boiler; that the other defendant went along for the trip; that after reaching their destination L. told accused that what he wanted mended was not a boiler but something about a distillery; that he told L. that he would have nothing to do with it; that L. got the negro man to go down to the distillery for the cap for the accused to inspect and that when the colored man returned he had been arrested. The accused were never within a mile of where the still was found and neither ownership, interest nor possession was shown.

*Held:* That this evidence would not support a conviction.

Error to a judgment of the Circuit Court of Buckingham county.

*Reversed.*

The opinion states the case.

*John B. Boatwright,* for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

Prentis, P., delivered the opinion of the court.

The accused have been convicted under an information charging that they (together with Henry Davis, alias W. M. Lane) "did unlawfully own and have in possession a still, still cap, worm, tub and fermenter, and mash capable of being used in the manufacture of ardent spirits." All three were convicted, but this writ of error is being presented by Frank Smith and John Miller alone.

The error assigned and relied upon is that the evidence is insufficient to support their conviction.

The evidence may be summarized thus: A State prohibition inspector located a complete copper still of 700 gallons capacity, with fermenters, tubs, buckets, thirty cases of two-quart fruit jars and about four thousand gallons of mash. There were footprints of different persons there. On the morning of July 1st one Henderson, a colored man, approached the still, took up the cap and was in the act of leaving the still site with it when he was apprehended. At first Henderson denied that he knew who owned the still, or anything about it, but being told that it would be best for him to tell to whom the still did belong, he said that three men who were then staying at the home of Alex. Perkins, about one mile from the still, had sent him for the still cap; that they wanted to take it to Richmond to get it fixed as it was too large for the still. He afterwards identified Miller and Smith as the two men who were with W. M. Lane when he was sent for the still cap. Henderson testified that Lane did all the talking and made the request of witness that he go after the still cap, and that the others said nothing. This is all the incriminating evidence against these defendants.

The accused, Miller, testified that he is a steam fitter by trade, and that he and Smith were at the shop of a steam fitter in Richmond when Lane came there inquiring for a steam fitter, saying that he had a boiler in the country which had broken down, and that he (witness), being out of a job, went with him, and Frank Smith went along for the trip; that after reaching the house of Perkins, Lane told them that it was not a broken boiler he wished mended, but was something about a distillery; that he (Miller) got angry and told Lane he would have nothing to do with it; that Lane got Henderson to go down to the distillery and get the cap for Miller to inspect; and that when Henderson returned he had been arrested.

It is shown that aside from the testimony of Henderson there is nothing whatever to connect them with the crime charged, that is, the unlawful ownership and possession of the still and its appurtenances. Smith and Miller were never within a mile of the place where the still was found, and neither ownership, interest nor possession is shown.

It is to us perfectly clear from this fair statement of all of the incriminating facts that the verdict against these defendants is against the evidence and without evidence to support it. The judgment is, therefore, reversed, the verdict of the jury set aside, and the case remanded for a new trial, if the Commonwealth shall be so advised.

*Reversed.*